## LIEN FOR WORK MADE NECESSARY BY MISTAKE OF ARCHITECT.

Circuit Court of Cuyahoga County.

JOSEPH GROSS v. FRANK LUKAS.

Decided, June 7, 1910.

*Mechanic's Lien—Extra Work Ordered by Architect.*

Where extra work on a house, made necessary by a mistake of the architect, is ordered by him under an arrangement with the owner that the architect would pay for it, the contractor who does the extra work may have a lien therefor upon the interest of the owner in the premises, notwithstanding he has knowledge of the arrangement between the architect and the owner that the former would pay the bill.

*Hidy, Klein & Harris*, for plaintiff in error.
*Benjamin Parmely, Jr.*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by Lukas against Gross upon an attested account and to foreclose a mechanic's lien. The facts are that Gross engaged a contractor to build a house for him; the work of building said house was to be under the supervision of an architect named. By error on the part of the architect a mistake was made in building a bay window on the side of the house which brought it so near to the adjoining lot line as to be obnoxious to the building code of the city of Cleveland, in which city this building was being erected. The attention of the architect, the builder and the owner being called to this by the city authorities, the architect agreed at his own expense to remove this bay window, and build one at another place on the house, which would not be in violation of the building code. This change was made, but unhappily the architect did not pay for it. The contractor was put to the expense of this change, and for the labor and material upon it he made out an account and perfected a lien upon the premises, if he was entitled to any lien.

The claim made here is that Gross the owner was under no obligation to pay the contractor; that he (the contractor) was bound to look to the architect.  It is urged first on behalf of the plaintiff in error that the allegation of the petition that the work was done and the material furnished at the request of the agent and architect of the owner does not make such an averment such as entitled the plaintiff to take out a lien, the language of the statute being that such lien can be taken out when the work or material are furnished "by virtue of a contract, express or implied, with the owner, or the authorized agent of the owner."  The petition here alleges that Harry Cohen was the agent and architect for the owner and seems to us clearly to bring the case within the statute and makes the petition good. The allegation being that the work was done and material furnished "at the request of the agent" is a sufficient allegation that through this agent the owner made an implied promise to pay for this work and material.  The arrangement between the owner and the architect that the architect would pay for the work was not binding upon the contractor, even though he knew of that arrangement.  He had a right, as we think, to do this work, and furnish this material for the alteration in this house, by the direction of the architect, with the implied promise on the part of the owner that he would pay for it, even though he (the contractor) knew that this extra expense had been caused by the negligence of the architect and that he had agreed to pay for it.

We think that the result reached in the court of common pleas is right, and the judgment of the court is affirmed.